UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO NATHANIEL SPEED,       ) | |
|                                          ) | |
|           Plaintiff,                   ) | |
|                                          ) | |
|      v.                                 ) | No. 4:13-CV-1749 CAS |
|                                          ) | |
| JENNINGS CITY JAIL, et al.,       ) | |
|                                          ) | |
|           Defendants.              ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion is granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has not submitted a copy of his certified prison account as ordered by the Court. Plaintiff appears to have less than a dollar. In this instance, the Court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(4).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that the Jennings City Jail and three of its employees have violated his First Amendment right to practice his religion. Plaintiff claims that he is Muslim. Plaintiff says he was denied pre-dawn meals during Ramadan, that he is not provided with a Quran, that the Jail does not provide Muslims with an area to congregate for worship and prayer, and that there are no clocks, which impedes his ability to do his daily prayers at the correct times.

**Discussion**

Plaintiff's claim against Jennings County Jail is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

When the Court directed plaintiff to submit an amended complaint, the Court specifically instructed plaintiff to state whether he was suing the individual defendants in their official or individual capacities, or both. See Mem. and Order of Sept. 6, 2013 [Doc. 3, at 1]. The complaint, however, is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. Because the Court already instructed plaintiff to specify individual and/or official capacity, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that this action is dismissed under 28 U.S.C. § 1915(e)(2)(B) as both legally frivolous and for failure to state a claim upon which relief can be granted.

An Order of Dismissal will accompany this Memorandum and Order.

                                                          **CHARLES A. SHAW**
                                                          **UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of September, 2013.